UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONATHAN ODOM, 92-T-0387,

                     Plaintiff,                 **ORDER**

    v.

                                                  **02-CV-757A(F)**

BRIAN BAKER, STEPHEN M. BERNARDI,
VICTOR T. HERBERT, EDWARD HAMILL,
B. BARKER, B. BERKER and E. STOERR,

                     Defendants.
_____

APPEARANCES:         JONATHAN ODOM, *Pro Se*
                              Attica Correctional Facility
                              Box 149
                              Attica, New York    14011

                              ELIOT L. SPITZER
                              ATTORNEY GENERAL, STATE OF NEW YORK
                              Attorney for Defendants
                              MICHAEL A. SIRAGUSA
                              ASSISTANT ATTORNEY GENERAL, of Counsel
                              Statler Towers, Fourth Floor
                              107 Delaware Avenue
                              Buffalo, New York   14202

**JURISDICTION**

On May 30, 2003, the parties consented to proceed before the undersigned. The matter is presently before the court on Plaintiff's motion, filed April 13, 2005 for an order directing Defendants to replace Plaintiff's legal papers (Doc. No. 23).

**BACKGROUND**

This § 1983 case was initiated by filing of a complaint on October 3, 2002 alleging First, Fourth, Fifth, Eighth and Fourteenth Amendment violations based on

unlawful search of his cell and the seizure and destruction of Plaintiff's legal files.

On May 20, 2003, Defendants Baker, Bernardi, Herbert, Hamill and Stoerr, moved to dismiss for failure to effect personal service. By Decision and Order, filed May 29, 2003 (Doc. No. 16) the court found that Plaintiff's attempted filing of a notice of default was properly rejected by the Clerk of Court for lack of the prerequisite of personal service on Defendants.[1]  The court also granted Plaintiff additional time to June 20, 2003, to oppose Defendants' motion.

By Decision and Order dated March 31, 2005 (Doc. No. 22), Plaintiff was granted 45 days from such date to effect service upon Defendants pursuant to Fed.R.Civ.P. 4(e) and 4(m), and New York Civil Practice Law and Rules § 308(2).

By Declaration of Michael A. Siragusa, Assistant Attorney General, dated May 12, 2005, Defendants oppose Plaintiff's instant motion on the ground that, to date, Plaintiff has failed to serve any Defendant named in the Complaint.

Oral argument was deemed unnecessary. Based on the following, Plaintiff's motion is DENIED.

## DISCUSSION

It is fundamental that until the named defendants are personally served, the court lacks personal jurisdiction over defendants sufficient to enter any order or judgment against such person. *Murphy Bros., Inc. v. Michestti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Here, the record does not show any returns of service upon any

---

[1] According to Defendants, there are no correctional officers named B. Barker or B. Berker at Attica State Prison where the violations occurred.

Defendant since the court's Decision and Order dated May 31, 2005 directing service be completed not later than 45 days thereafter.  Accordingly, quite apart from the question of whether the court may direct any Defendant to return or copy Plaintiff's legal papers, whether there is any factual basis to find Defendants are in possession of such papers, or whether Defendants can be held responsible for the withholding of Plaintiff's papers as Plaintiff asserts, Plaintiff's request puts the "cart before the horse."

Accordingly, there is no basis upon which the relief requested by Plaintiff on this motion may be granted.

## CONCLUSION

Based on the foregoing, Plaintiff's motion is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2005
      Buffalo, New York