UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONANTHAN ODOM,<br>　　　　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>BRIAN BAKER, STEPHEN M. BERNARDI,<br>VICTOR T. HERBERT, EDWARD HAMILL,<br>B. BARKER, B. BERKER and E. STOERR,<br><br>　　　　　　　　　　　　　Defendants. | **DECISION<br>and<br>ORDER**<br><br>**02-CV-757F**<br>(Consent) |

　　　　　By papers filed June 23, 2005 (Doc. No. 28), Plaintiff moves for an order directing service by the United States Marshal Service of a proposed amended complaint, a copy of the Complaint filed October 3, 2002, and directing the Clerk of Court to provide Plaintiff with forms and a summons necessary to effect service. Defendants have filed no opposition to the motion.  Plaintiff filed on August 1, 2005 an Affirmation (Doc. No. 30) in further support of the motion, essentially reiterating the same grounds for the requested relief.

　　　　　As background, on March 31, 2005, the court denied Defendants' motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction based on the United States Marshal Service's failure to comply with the requirements of Fed.R.Civ.P. 4(d), (e) and (m) in attempting to effect service of the Summons and Complaint.  Decision and Order, 02-CV-252F (Slip Op. March 31, 2005) ("Decision and Order").  Specifically, the court found that the service upon Defendants of the Summons and Complaint did not strictly comply with the requirements of either Fed.R.Civ.P. 4(d) (waiver of service) or N.Y. Civil Procedure Law and Rules § 308(a), compliance with which is required by

Fed.R.Civ.P. 4(e) absent waiver of service pursuant to Fed.R.Civ.P. 4(d).  Decision and Order at 3-4.  Finding that the defect in service resulted from error by the Marshals Service, the court denied Defendants' motion and extended the period for proper service by 45 days following the date of the Decision and Order.  Decision and Order at 4-5.

However, in granting Plaintiff additional time to complete service the court did not refer to Fed.R.Civ.P. 4(c)(2), which mandates that the United States Marshal Service be appointed to serve a federal summons and complaint for a plaintiff, like Odom, permitted to proceed *in forma pauperis*.  Nor did the court reference the order previously issued in the case by Judge Arcara, filed December 17, 2002, directing such service, in response to Plaintiff's motion requesting such service, filed November 25, 2002 (Doc. No. 4).  Therefore, this court did not explicitly reiterate the direction of Rule 4(c)(2) or Judge Arcara's order and, according to Plaintiff, the Clerk's office did not forward fresh service forms for Plaintiff to use to effect service through the Marshals Service.  Thus, Plaintiff failed to comply with the court's direction.

Under these circumstances, and without Defendants' opposition, the court finds Plaintiff's motion to amend should be dismissed as moot as the Complaint has not been served and therefore the action is subject to dismissal upon notice to Plaintiff pursuant to Fed.R.Civ.P. 4(m).  Further, Fed.R.Civ.P. 15 ("Rule 15"), may not be invoked insofar as Plaintiff seeks leave to file an amended complaint as until the Complaint is served, Defendants have no duty to answer, *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *Pearson v. Board of Education of City of New York*, 2004 WL 2297354, *5 (S.D.N.Y. Oct. 12, 2004), and thus, by its terms, Rule 15(a)'s requirement

2

that leave of the court be obtained prior to filing an amended complaint is not triggered. Nor can Plaintiff invoke Rule 15(a) for filing an amended complaint as of right because, again, until the Complaint is properly served, it imposes no legal obligations as to the named, but unserved defendants.  *See Santos v. State Farm Fire and Cas. Co.*, 902 F.2d 1092, 1096-97 (2d Cir. 1990) (observing that Fed.R.Civ.P. 4(j)'s provision for dismissing a complaint not served within 120 days of filing, absent good cause for the delay, "has the beneficial effect of clearing the court's docket of stale unperfected filings and relieving putative defendants of the stigma of publicly filed but unprosecuted charges that have not been served.").[1]  However, given that it is the obligation of the Marshals Service to properly serve the Complaint upon the named Defendants, Plaintiff cannot be faulted for requesting the court's assistance to achieve this result.  Therefore, as the Court will direct that the U.S. Marshals Service effect service, Plaintiff's motion in this regard is also moot and is DISMISSED as such.  As to Plaintiff's request for a copy of the Complaint, the court directs the Clerk to forward a copy to Plaintiff within 10 days and to that extent Plaintiff's motion is GRANTED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 28) is GRANTED in part and DISMISSED as moot in part.

The Clerk of Court and United States Marshal Service are directed to take steps to effect service of the Complaint, in accordance with Fed.R.Civ.P. 4(d) or (e) <u>within 30</u>

---

[1] Former Rule 4(j) was renumbered as Rule 4(m) in 1993.

<u>days</u> of this Decision and Order, and the Clerk of the Court shall send a copy of this Decision and Order to the local office of the United States Marshal Service. Upon such service, Defendants shall answer the Complaint.

SO ORDERED.

                                                /s/ *Leslie G. Foschio*
                                      _____
                                            LESLIE G. FOSCHIO
                                    UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2006
       Buffalo, New York