-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JONATHAN ODOM,

        Plaintiff,

v.

BRIAN BAKER, ALAN BARKER, KENNETH BERBARY
AND ERIC STOERR,

        Defendants.

**ORDER**
02-CV-0757A(F)

---

Plaintiff has filed a motion compelling the defendants to provide an address at which the U.S. Marshals Service can serve the summons and complaint on defendants Brian Baker and Alan Barker. (Docket No. 51).

By order filed December 17, 2002, the court granted plaintiff's application to have the U.S. Marshals Service serve the summons and complaint on the defendants (Docket No. 7),[1] and on March 31, 2006, after a number of delays and extended motion practice, the court directed the Clerk of the Court and Marshals Service to effect service of the summons and complaint on the defendants within 30 days. On August 31, 2006, the court allowed plaintiff to file a proposed amended complaint that had been attached to a letter plaintiff had filed on August 9, 2006, and ordered that said amended complaint (Docket No. 43) be served on each named defendant--Alan Barker, Kenneth Berbary, Eric Stoerr, Brian Baker--by the U.S. Marshals Service. (Docket No. 42).

On September 11, 2006, defendants Berbarry and Stoerr moved to dismiss the amended complaint on the bases that the court lacked jurisdiction over these defendants

---

[1] Plaintiff paid the filing fee and then applied for an order directing the U.S. Marshals Service to serve the summons and complaint (Docket No. 4), which the Court granted (Docket No. 7). Any discussion in previous orders issued by the court that plaintiff was proceeding *in forma pauperis* and entitled to service by the U.S. Marshals Service pursuant to Fed.R.Civ.P. 4(c)(2) was inadvertent. The Marshals Service, upon plaintiff's application, however, has been directed to serve the summons and complaint.

because the statute of limitations had expired and because the amended complaint fails to state a claim on which relief can be granted. (Docket No. 45). That motion is still pending. On October 3, 2006, summonses were issued for the four defendants and on October 12, 2006, the summons as to defendant Baker was returned unexecuted with a notation on the Marshal Service Process Receipt and Return Form of "RNS"--Returned No Service–"[Baker] not at this Facility." (Docket No. 47). There is no information regarding the status of service on defendant Barker, other than the instant motion which indicates that Barker has not been served with the summons and amended complaint. (Docket No. 51).

The Court hereby requests that the New York State Attorney General's Office ascertain proper addresses for defendants Brian Baker and Alan Barker pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d. Cir. 1997) (per curiam). The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may properly serve said defendants as instructed by the Second Circuit in *Valentin*.

The Attorney General's Office is hereby requested to produce the information specified above to the Court's Pro Se Attorney's Office by **May 19, 2007**. Once this information is provided amended summonses shall be issued and the Court shall direct service on the identified defendants. The Clerk of Court shall send a copy of this Order and the amended complaint to Michael Siragusa, New York State Attorney General's Office, 107 Delaware Avenue, Fourth Floor, Buffalo, NY 14202.

SO ORDERED.

/s/ Leslie G. Foschio
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 20, 2007
Buffalo, New York

2