FILED  -PS-O-

2007 MAY 25 AM 11:43

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JONATHAN ODOM,

    Plaintiff,

v.

BRIAN BAKER, et al.

    Defendants.

**ORDER**
02-CV-0757A(F)

On April 23, 2007, the Court, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), requested that the New York State Attorney General's Office, which has appeared for a number of defendants in this action, provide the Court with a current address at which the U.S. Marshals Service could serve the summons and amended complaint on defendants Brian Baker and Alan Barker. (Docket No. 54). Pursuant to said Order, Assistant Attorney General Michael Siragusa forwarded a letter to the Court stating that he would accept service on behalf of Brian Baker, but that Alan Barker, who is employed at the Wende Correctional Facility, is presently serving in Iraq and is on military leave from his employment.

Accordingly, the Clerk of the Court is directed to issue an amended summons and cause the U.S. Marshals Service to serve the amended summons and amended complaint (Docket No. 43) on Brian Baker by serving Michael A. Siragusa, New York State Attorney General's Office, 107 Delaware Avenue, 4th Floor, 14202. Service on Mr. Siragusa will be deemed good and sufficient service on Brain Baker.

Because there appears to no reasonable means by which to serve the amended summons and amended complaint on Alan Barker at this time, the parties are directed to

address, in writing, by **June 29, 2007**, what steps the Court may take with respect to service on Barker and the status of this action against Barker, including the application of the Soldiers' and Sailors' Civil Relief Act ("the Act"), 50 USCA App §§ 501–593.[1]  A response to said Order by the New York State Attorney General's Office will **not** constitute an "appearance" by Barker under the Act.

SO ORDERED.

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 24th, 2007
Buffalo, New York

---

[1] "The Soldiers' and Sailors' Civil Relief Act of 1940 (50 USC Appendix § 501 et seq.) and its New York counterpart (Military Law § 300 et seq.) do not prohibit the commencement of an action against a member of the military. Rather, the acts protect a litigant in military service after an action has begun, but in no way affect[ ] the [prescribed] method of service. Although a member of the military may be entitled to a stay of an action once the action has been commenced, there is no immunity from the commencement of a lawsuit." *Greco v. Renegades, Inc.*, 307 A.D.2d 711, 761 N.Y.S.2d 426 (N.Y.A.D. 4 Dept.,2003) (internal quotation marks and citations omitted).