UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JONATHAN ODOM,

|  |  |  |
|---|---|---|
| | Plaintiff, | **DECISION** |
| | | **and** |
| v. | | **ORDER** |
| | | |
| BRIAN BAKER, | | **O2-CV-757F** |
| ALAN BARKER, | | **(consent)** |
| KENNETH BERBARY, and | | |
| ERIC STOERR, | | |

Defendants.[1]

---

APPEARANCES:          JONATHAN ODOM, *Pro Se*
                                  92-T-0387
                                  Auburn Correctional Facility
                                  Box 618
                                  Auburn, New York 13024

                                  ANDREW M. CUOMO
                                  Attorney General, State of New York
                                  Attorney for Defendants
                                  MICHAEL A. SIRAGUSA
                                  Assistant Attorney General, of Counsel
                                  107 Delaware Avenue
                                  Fourth Floor
                                  Buffalo, New York 14202

## JURISDICTION

The parties to this action consented to proceed before the undersigned on May

30, 2003.  The matter is presently before the court on motions to dismiss filed by

---

[1] To date, service has yet to be effected upon Alan Barker although, by Order filed July 20, 2007 (Doc. No. 65), the Clerk of the Court was directed to issue a new summons directed to Alan Barker by July 31, 2007, and such summons was issued on July 23, 2007 (Docket Minute Entry).  Further, although named as defendants in the original complaint, Stephen M. Bernardi, Victor T. Herbert, Edward Hamill, B. Barker, B. Berker and E. Stoerr were not named as defendants in the Amended Complaint filed September 1, 2006 (Doc. No. 43), and, as such, have been terminated as parties to this action. September 1, 2006 Docket Minute Entry.

Defendants Berbary and Stoerr on September 11, 2006 (Doc. No. 45), and by

Defendant Baker on July 25, 2007 (Doc. No. 66).


## BACKGROUND and FACTS[2]

_____Plaintiff Jonathan Odom ("Plaintiff") commenced this civil rights action on October

3, 2002, pursuant to 42 U.S.C. § 1983 (" § 1983") and 42 U.S.C. § 1985 ("§ 1985"),

alleging Defendants violated his rights under the First, Fifth, Eighth and Fourteenth

Amendments in connection with incidents occurring at Attica Correctional Facility

("Attica") where Plaintiff was then housed.  An amended complaint (Doc. No. 43)

("Amended Complaint"), was filed as of right on September 1, 2006.  In particular,

Plaintiff alleges that on May 4, 2000, while Plaintiff was incarcerated at Attica

Correctional Facility ("Attica"), Defendants Department of Correctional Services

("DOCS") employees Sergeant Brian Baker ("Sgt. Baker"), and Corrections Officers

Alan Barker ("Barker"), Kenneth Berbary ("Berbary"), and Eric Stoerr ("Stoerr")

("Defendants"), conspired to violate Plaintiff's constitutional rights by locking Plaintiff in

the shower, searching his property and confiscating his legal material, including books,

research papers and documents, pertaining to Plaintiff's civil rights actions pending in

various district courts, as well as a habeas petition, then pending in the Southern District

of New York, challenging the constitutionality of the state criminal conviction for which

Plaintiff is incarcerated.  Plaintiff maintains such conduct violated his rights under the

First, Fifth, and Fourteenth Amendments, for which Plaintiff seeks declaratory,

---

[2] The Facts are taken from the pleadings and motion papers filed in this action.

injunctive, and monetary relief.

On September 11, 2006, Berbary and Stoerr filed a motion to dismiss (Doc. No. 45) ("the First Motion"), supported by Stoerr and Berbary's Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 46) ("First Motion Memorandum") in support.  On May 8, 2007, Plaintiff filed a supplemental amended complaint (Doc. No. 55), as of right ("Second Amended Complaint"), alleging that Defendants' unlawful confiscation of his legal materials rendered Plaintiff unable to "perfectly prosecute" both his pending habeas petition, as well as several other pending civil actions.[3]  In opposition to the First Motion, Plaintiff, on May 14, 2007, filed an Affirmation (Doc. No. 57) ("Plaintiff's First Affirmation"), which was supplemented by Plaintiff's letter to the undersigned filed May 29, 2007 (Doc. No. 62) ("Plaintiff's Supplemental Letter").

On July 25, 2007, Sgt. Baker filed a motion to dismiss (Doc. No. 66) ("the Second Motion"), and the Memorandum of Law in Support of and Defendant Brian Baker's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 67) (Second Motion Memorandum").  In opposition to the Second Motion, Plaintiff, on November 28, 2007, filed an affirmation (Doc. No. 69) ("Plaintiff's Second Affirmation").  Oral argument was deemed unnecessary.

Based on the following, the First Motion and the Second Motion are GRANTED.

---

[3] Defendants did not amend their motions to dismiss to address the Second Amended Complaint.

**DISCUSSION**

**1.     Motion to Dismiss**

Defendants seek to dismiss the Amended Complaint for failure to state a claim

and, with regard to Berbary, as barred by the applicable statute of limitations.[4]  The

essence of Plaintiff's claims is Defendants' alleged arbitrary confiscating of Plaintiff's

legal materials, including books, research and court papers pertaining both to civil rights

actions filed by Plaintiff in unspecified federal district courts, and a habeas proceeding

pending in the Southern District Court.  According to Petitioner, Defendants' conduct

deprived him of property in violation of his right to procedural due process under the

Fifth and Fourteenth Amendments, and his First Amendment right of access to the

courts.

On a motion to dismiss, the court looks to the four corners of the complaint and is

required to accept the plaintiff's allegations as true and to construe those allegations in

the light most favorable to the plaintiff.  *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974);

*Darey v. New York County Lawyers' Association*, 423 F.2d 188, 191 (2d Cir. 1969), *cert.*

*denied*, 398 U.S. 929 (1970).  The court is required to read the complaint with great

generosity on a motion to dismiss.  *Yoder v. Orthomolecular Nutrition Institute*, 751 F.2d

555, 558 (2d Cir. 1985).  A complaint will be dismissed only if "it appears beyond doubt"

that the plaintiff can prove no set of facts which would entitle him to relief.  *Conley v.*

---

[4] Although Defendants also assert the court "lacks jurisdiction over the claims," First Motion
Memorandum at 1; Second Motion Memorandum at 1, Defendants do not explain the basis for such lack
of jurisdiction, and the court therefore considers the defense as abandoned.  Further, because the claims
set forth in the Second Amended Complaint, filed on May 8, 2007, are essentially identical to the claims
asserted in the Amended Complaint, with the exception of the allegations regarding the denial of two of
Plaintiff's civil actions, the court considers Defendants' arguments made with regard to the Amended
Complaint as pertaining to the Second Amended Complaint.

*Gibson*, 355 U.S. 41, 45-46 (1957); *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.

1985).  Matters of which a court may take judicial notice, including matters of public

record and other orders of record in the action, may be considered on a motion to

dismiss without converting the motion to one for summary judgment.  *Blue Trees Hotel*

*Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217

(2d Cir. 2004).


**2.      Civil Rights**

Defendants are alleged to have violated Plaintiff's civil rights under 42 U.S.C. §

1983, pursuant to which an individual may seek damages against any person who,

under color of state law, subjects such individual to the deprivation of any rights,

privileges, or immunities protected by the Constitution or laws of the United States.  42

U.S.C. § 1983.  Section 1983, however, "'is not itself a source of a substantive rights,'

but merely provides 'a method for vindication of federal rights elsewhere conferred.'"

*Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137,

144 n. 3 (1979)).  Thus, "[t]he first step in any such claim is to identify the specific

constitutional right allegedly infringed."  *Id.*  (citing *Graham v. Connor*, 490 U.S. 386,

394 (1989); and *Baker*, *supra*, at 140).  Here, Plaintiff's claims that Defendants

arbitrarily confiscated and destroyed his legal materials in violation of his First

Amendment right of access to the courts, as well as his right to due process under the

Fifth and Fourteenth Amendments.

Preliminarily, the court finds that insofar as Plaintiff's due process claim is

asserted under the Fifth Amendment, this amendment applies only to actions by the

federal government.  *See Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law

is secured against invasion by the federal Government by the Fifth Amendment, and is

safeguarded against State action in identical words by the Fourteenth [Amendment].")

(bracketed text added), *overruled on other grounds by Gideon v. Wainwright*, 372 U.S.

335 (1963).  The court thus considers Plaintiff's due process allegations only under the

Fourteenth Amendment applicable to state actors.

As for Plaintiff's claim under § 1985, that Defendants conspired to deprive him of

his property, although Plaintiff does not specify the subsection of § 1985 on which he

relies, a plain reading of § 1985 establishes that such claim is brought pursuant to §

1985(3) which prohibits two or more persons, acting under color of state law, from

conspiring to deprive another person of rights or privileges guaranteed by the

Constitution and laws of the United States.  42 U.S.C. § 1985(3).  Liberally construing

Plaintiff's complaint, as required, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)

(allegations of complaint drafted by *pro se* plaintiff held to less stringent standards than

formal pleadings drafted by attorneys), the court addresses Plaintiff's § 1985 claim as

brought under § 1985(3).

Section 1985(3), however, like § 1983, is not a source of substantive rights, "but

merely 'provides a remedy for violation of the rights it designates.'" *Spencer v.

Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990) (quoting *Great American Federal Savings

and Loan Association v. Novotny*, 442 U.S. 366, 372 (1979)).  As such, "in order to state

a claim under § 1985(3), a complaint must allege, *inter alia*, that the defendants who

allegedly conspired sought, with discriminatory intent, to deprive that plaintiff of a right

covered by the Constitution or other laws. . . ."  *Spencer*, 903 F.2d at 174 (citing cases).

### 3.     Deprivation of Property

Generally, an alleged deprivation of liberty or property is not cognizable under §

1983 when adequate post-deprivation state remedies exist to protect the victim's

procedural due process rights.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Such "an

adequate post-deprivation remedy is a defense to a Section 1983 due process claim

only where the deprivation is random and unauthorized."  *Alexander v. Cortes*, 140 F.3d

406, 411 (2d Cir. 1998).  *See Parratt v. Taylor*, 451 U.S. 527 at 541-42 (1981) (holding

loss of mail or property did not state a cause of action under § 1983 where the state

provided a post-deprivation remedy for the loss in the form of a tort claim action in

cases of random and unauthorized negligent takings of property by state officials

because, under such circumstances, no predeprivation procedures are possible and the

inmate must rely on post-deprivation remedies to satisfy due process concerns). Where,

however, the alleged deprivation of property is the result of established state policy or

procedures, the existence of a state post-deprivation remedy does not defeat a § 1983

claim.  *Alexander*, 140 F.3d at 411.

Significantly, as recognized by this court, New York has adequate remedies for

the deprivation of a prisoner's property claims by recourse to the New York State Court

of Claims.  *Richardson v. Coughlin*, 101 F.Supp.2d 127, 133 (W.D.N.Y. 2000)

(unauthorized taking and destruction of plaintiff inmate's property).  Moreover, the facts,

as alleged by Plaintiff and construed, as required, in the light most favorable to Plaintiff,

*Scheurer*, 416 U.S. at 236; *Darey*, 423 F.2d at 191, establish that Defendants' actions in

taking Plaintiff's property were random and unauthorized.  Second Amended Complaint

¶ 8 (describing alleged destruction of legal materials as done "willfully in bad faith").  No allegations suggest the taking resulted from an established state policy or practice.  Given the alleged circumstances as the basis for Plaintiff's deprivation of property claim, in violation of Plaintiff's procedural due process rights, Plaintiff may not pursue this claim under Section 1983.

Further, because Plaintiff has failed to state a valid § 1983 claim based on the alleged predicate violation of Plaintiff's due process rights with respect to the loss of his property, it follows that Plaintiff has also failed to state a valid claim under § 1985(3) for conspiracy to deprive Plaintiff of property.  *Cf. Spencer*, 903 F.2d at 174 (holding plaintiff had stated a valid § 1985(3) conspiracy claim where the conduct in which the defendants allegedly conspired to engage supported plaintiff's § 1983 claim).  Absent a valid predicate § 1983 deprivation of property claim, Plaintiff cannot pursue his §1985(3) claim based on deprivation of property.  *See Spencer*, *supra*, at 174.

## 4.    Access to Courts

Although not addressed on the merits by Defendants in support of Defendants' motions to dismiss, Plaintiff also has alleged a First Amendment access to courts claim.  Second Amended Complaint ¶ 11 (alleging loss of Plaintiff's property caused Plaintiff "irreparable harm in perfectly prosecuting his civil rights actions," leading to the dismissal of his a civil action and his appeal to the Honorable Michael B. Mukasey, United States Chief District Judge, from Judge Dolinger's[5] Report and Recommendation

---

[5] Honorable Michael H. Dolinger, United States Magistrate Judge, Southern District of New York.

ruling in *Odom v. Duncan*, 99 Civ. 9088 (MBM) (MHD), Plaintiff's habeas proceeding

("the Report and Recommendation")).  Nevertheless, as Defendants have moved to

dismiss the Amended Complaint in its entirety, Notice of First Motion (Doc. No. 45); First

Motion Memorandum at 1-2; Notice of Second Motion (Doc. No. 66); and Second

Motion Memorandum at 1-2, and as Plaintiff has presented, Plaintiff's First Affirmation

¶¶ 64-70; Plaintiff's Second Affirmation ¶¶ 27, 33-34, 41-43, arguments in support of his

First Amendment claims, the court addresses the merits of this cause of action.  In any

event, the court may dismiss, *sua sponte*, an *in forma pauperis* plaintiff's prisoner civil

rights action for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

For his First Amendment access to courts claim, Plaintiff does not allege that he

was unable to file timely objections to the Report and Recommendation pursuant to 28

U.S.C. § 636(b)(1) because of Defendants' conduct.  Rather, a plain reading of the

Second Amended Complaint establishes that Plaintiff contends that without the legal

materials Defendants allegedly confiscated, he was unable to properly assert

arguments in papers filed in support of his objections to the Report and

Recommendation sufficient to obtain a favorable decision from the District Judge as well

as to "perfectly prosecute" other civil actions.  Second Amended Complaint ¶¶ 11-18,

21.

It is settled that "meaningful access to the courts is the touchstone" of the First

Amendment as it pertains to litigation commenced by a prison inmate.  *Bounds v. Smith*,

430 U.S. 817, 823 (1977).  Specifically, "the fundamental constitutional right of access

to the courts requires prison authorities to assist inmates in the preparation and filing of

meaningful legal papers by providing prisoners with adequate law libraries or adequate

assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. The right of

access to the courts as espoused by *Bounds*, *supra*, places an affirmative duty on

prison officials to provide constitutionally adequate access such that where the inmate

alleges inadequate law libraries, or other sources of legal knowledge, or a prison

official's interference with the physical filing of legal papers, no actual injury need be

alleged. *Id*. at 829. Where, however, as here, "the claims do not involve such an

allegation, the court must consider whether the plaintiff has alleged an 'actual injury' to

court access." *Griffin v. Coughlin*, 743 F.Supp. 1006, 1021-22 (N.D.N.Y. 1990).

As relevant to this case, an "actual injury" requires a showing that it was the

actions of Defendants that caused Plaintiff's habeas petition to be dismissed by Judge

Mukasey. *Howard v. Leonardo*, 845 F.Supp. 943, 947 (N.D.N.Y. 1994). *See Smith v.*

*O'Connor*, 901 F.Supp. 644, 649 (S.D.N.Y. 1995) ("To state a claim that his

constitutional right to access the court was violated, plaintiff must allege facts

demonstrating that defendants deliberately and maliciously interfered with his access to

the courts, and that such conduct materially prejudiced a legal action he sought to

pursue."). No cause of action for interfering with an inmate's First Amendment right of

access to the court lies, however, until and unless the inmate demonstrates that he

suffered actual harm, *i.e.*, that a "nonfrivolous legal claim had been frustrated or

impeded." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (italics added).

The injury requirement for a sufficient First Amendment access to courts claim is

satisfied by only certain types of frustrated legal claims, including direct and collateral

attacks on an inmate's sentence, such as petitions for federal and state habeas relief,

and civil rights claims challenging confinement conditions. *Lewis*, 518 U.S. at 354-55.

Thus, to be actionable in a § 1983 action, the alleged dispossession of his legal materials must have impeded Plaintiff's representation of his legal interests in a manner that affected the outcome of such litigation.  *Howard*, 845 F.Supp. at 946-47.  Further, a plaintiff alleging interference with his access to courts must have been without the opportunity to overcome the impediment before suffering the actual injury.  *See Howard*, 845 F.Supp. at 947 (corrections officer's confiscation of inmate plaintiff's electric typewriter, containing within its memory the plaintiff's reply brief relevant to the plaintiff's habeas corpus proceeding pending in federal court, did not deprive plaintiff of access to courts as plaintiff "has the opportunity to rectify the situation" by contacting and requesting his attorney prepare reply brief on plaintiff's behalf).  In other words, on a First Amendment access to courts claim, the challenged interference with a plaintiff's legal proceeding must be causally related to the plaintiff's inability to successfully prosecute such proceeding.  *Jenkins v. United States*, 386 F.3d 415, 417 (2d Cir. 2004) (Article III standing requires causal connection between injury and conduct complained of that is likely to be redressed by favorable decision).

In the instant case, Plaintiff alleges that Defendants' confiscation and destruction of his legal materials caused Plaintiff "irreparable harm" insofar as Plaintiff was unable to file objections to the Report and Recommendation recommending to District Judge Mukasey dismissal of Plaintiff's federal habeas petition attacking the conviction for which Plaintiff is currently incarcerated because Plaintiff did not have the necessary funds to replace the briefs and trial transcripts filed in connection with Plaintiff's underlying conviction, and was unable to "perfectly prosecute" other pending civil actions.  Second Amended Complaint ¶ 11.  Plaintiff does not, however, specifically

allege what type of documents he was unable to file in connection with Plaintiff's pending habeas petition, particularly given that such briefs and trial transcripts were probably on file with the District Court, nor in regard to the other civil actions alleged in the Second Amended Complaint.  Moreover, Plaintiff makes no allegations which, if true, would establish that absent Defendants' unlawful confiscation and destruction of his legal materials, he could more effectively have presented objections to the unfavorable Report and Recommendation, that he would have prevailed on his pending habeas petition, or that he would have successfully litigated his the other alleged civil actions.  *See Smith*, 901 F.Supp. at 649 (in dismissing plaintiff's § 1983 access to courts claim based on defendant correctional officers alleged deliberate confiscation and destruction of legal materials pertinent to plaintiff's pending habeas proceeding, court observed that "[a]t best, plaintiff's allegation that his 'law work' was destroyed supports the conclusion that he was temporarily inconvenienced by the loss of his papers.").  In short, Plaintiff makes no allegation suggesting that absent Defendants' confiscation of Plaintiff's legal materials and papers, Plaintiff was likely to be successful either in obtaining habeas relief from Judge Mukasey, or in any of his other pending civil actions.

The court notes that although the alleged confiscation and destruction of his legal materials occurred on May 4, 2000, for which Plaintiff had the opportunity to commence a New York Court of Claims action in an attempt to obtain the funds necessary for replacing the briefs and trial transcripts allegedly confiscated and destroyed, had failed to commence such an action.  Further, on the instant motion to dismiss, the court takes judicial notice, *Blue Trees Hotel Inv. (Canada), Ltd.*, 369 F.3d at 217, that Plaintiff's

habeas proceeding before Judge Mukasey was not finally dismissed until December 2,

2005.  *Odom v. Duncan*, 2005 WL 3288140 (S.D.N.Y. Dec. 2, 2005) ("*Odom*").

Moreover, in dismissing Plaintiff's habeas petition, District Judge Mukasey commented

that Plaintiff initially filed the habeas petition in 1999, that Judge Dolinger issued his

Report and Recommendation on January 29, 2003, almost three years after

Defendants' alleged destruction of Plaintiff's legal materials on May 4, 2000, and that

Plaintiff's request for an extension of time in which to obtain his records so as to

"properly" make objections to the Report and Recommendation, was granted and

Plaintiff's time to object was extended to June 13, 2003.  *Odom* at *1.  Given that the

alleged confiscation and destruction of Plaintiff's legal materials predates the Report

and Recommendation by almost three years, Plaintiff had ample opportunity to rectify

any impediment caused by the loss of the pertinent legal materials and, therefore,

cannot prove that Defendants "deliberately and maliciously interfered with his access to

the courts."  *Smith*, 901 F.Supp. at 649.

      The court observes that under the circumstances as alleged by Plaintiff, allowing

Plaintiff to pursue his First Amendment claim would require the court to speculate as to

whether any objections by Plaintiff to the Report and Recommendation, based on

Plaintiff's timely access to the confiscated documents, could likely have resulted in

Judge Mukasey's rejection of the Report and Recommendation, and granting Plaintiff's

petition.  Nor, as discussed, Discussion, *supra*, at 8-11, does Plaintiff allege such a fact,

prerequisite to relief on his instant First Amendment claim.  See *Smith*, 901 F.Supp. at

649; *see also Howard* 845 F.Supp. at 946-47.  Plaintiff fails to point to, and the court's

research has failed to reveal, any case holding Plaintiff is entitled to relief based on

such a speculated legal outcome.

Finally, insofar as Plaintiff also alleges Defendants' unlawful confiscation of his papers rendered Plaintiff unable to properly litigate several civil rights actions pending in unspecified courts, Second Amended Complaint Preliminary Statement and ¶¶ 11, 14-17, Plaintiff has failed to specifically allege the type of relief sought by such actions. Plaintiff has therefore failed to allege that such actions were the type for which an access to courts claim based on the First Amendment is permitted. *Lewis*, 518 U.S. at 354-55 (recognizing access to court claims only as to actions attacking a conviction, and civil rights claims challenging confinement conditions). Nor has Plaintiff alleged that but for Defendants' actions, any of those cases would have been decided in his favor. *Howard*, 845 F.Supp. at 946-47.

As such, Plaintiff's First Amendment denial of access to the courts claim, brought under both § 1983 and § 1985, must be DISMISSED.

**5.      Alternative Grounds**

Because Plaintiff's claims are being dismissed in their entirety for failure to state a claim, the court does not reach Defendants' alternative grounds asserted in support of dismissal, including lack of jurisdiction, failure to allege a physical injury as required under the Prison Litigation and Reform Act, 42 U.S.C. § 1997e(e) to sustain a claim for mental and emotional damages, the absence of any continuing violation sufficient to support Plaintiff's request for injunctive relief, and that the claims are time-barred with regard to Defendant Berbary.

## CONCLUSION

Based on the foregoing, Defendants' First and Second Motions seeking dismissal (Doc. Nos. 45 and 66) are GRANTED. The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      January 31, 2008
            Buffalo, New York

**Any appeal of this Decision and Order must be taken to by filing a**

**notice of appeal within 30 days of the filing of this Decision and**

**Order pursuant to Fed. R. App. P. 4(a)(1) & (c).**